UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DANIEL L. HOUSE,

　　　　Plaintiff,

　　v.

TONY W. FORTNER,
TEMPERATURE CONTROLLED
EXPRESS, INC., GREAT WEST
CASUALTY COMPANY, and JOHN
DOE CORPORATIONS 1-3,

　　　　Defendants.

CIVIL ACTION NO.

1:21-CV-01183-SEG

## **O R D E R**

This case is before the Court on Defendants' Motion for Award of Sanctions Against Non-Party Ortho Sport & Spine Physicians ("Ortho Sport"). (Doc. 136.)

The facts of this dispute are set out in the Court's October 21, 2022, order granting in part Defendants' Motion to Compel and for Sanctions Against Ortho Sport. (Doc. 132.) In that order, the Court found that Ortho Sport failed to comply with Fed. R. Civ. P. 30(b)(6) because it designated a person unfamiliar with and unconnected to Ortho Sport as its corporate representative and did not adequately prepare its witness to testify on its behalf for Ortho Sport's Rule 30(b)(6) deposition. The Court ordered Ortho

Sport to sit for a second Rule 30(b)(6) deposition and to show cause as to why sanctions should not be imposed for its failure to comply with Rule 30(b)(6).

On November 3, 2022, the Court held a show-cause hearing. (Doc. 137.) At the hearing, counsel for Ortho Sport stated that Ortho Sport took its Rule 30(b)(6) deposition seriously but acknowledged that its corporate representative's testimony fell short in some respects, and that Ortho Sport was taking steps to avoid similar problems in the future. Nothing at the hearing, however, undermined the Court's earlier conclusion that Ortho Sport failed to comply with Rule 30(b)(6).

Fed. R. Civ. P. 37(a)(5), which governs awards of expenses and sanctions in connection with motions to compel, states in relevant part:

> If the motion [to compel discovery] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Because Defendants' motion to compel was granted in part and Ortho Sport was given an opportunity to be heard, an award of fees is appropriate here.

The Court asked Defendants to file a motion, using prudent billing judgment, seeking fees as to the Rule 30(b)(6) deposition portion of Defendants' motion to compel (*i.e.*, the portion of the motion to compel that was granted).

Defendants did so.  (Doc. 136.)  The Court has reviewed Defendants' motion and Defendants' counsel's accompanying affidavit.  (Doc. 136-1.)

In her affidavit, counsel for Defendants stated that she billed a total of $2,451 at a rate of $190 per hour in connection with the dispute regarding Ortho Sport's Rule 30(b)(6) deposition.  (Doc. 136-1 ¶ 3-5.)  Counsel for Defendants stated that this total amount reflects time spent engaging in the Court's informal discovery dispute process and bringing Defendants' motion to compel as it related to Ortho Sport's Rule 30(b)(6) deposition.  Ortho Sport was given an opportunity to respond to Defendants' fee motion but did not.

The Court finds that the hourly rate and total amount billed by Defendants' counsel in connection with the discovery dispute regarding Ortho Sport's Rule 30(b)(6) deposition to be reasonable.  Accordingly, the Court **GRANTS** Defendants' Motion for Award of Sanctions Against Ortho Sport (Doc. 136) and **AWARDS** Defendants $2,451 in attorneys' fees.

**SO ORDERED** this 15th day of November, 2022.

_____
SARAH E. GERAGHTY
United States District Judge

3